IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-CR-20031 |
| ) | |
| MARCUS McKINNEY, (Also Known ) | Title 21, United States Code, |
| As "Slim") and JAMES YOUNG (Also ) | Sections 841(a)(1), 846, & 856(a)(1); |
| Known As "Brownski"), ) | Title 18, United States Code, |
| ) | Sections 2 & 1512(b)(1), (b)(3) & (k). |
| Defendants. ) | |

SECOND
SUPERSEDING
**INDICTMENT**

COUNT ONE
(Distribution of Methamphetamine)

**THE GRAND JURY CHARGES:**

On or about June 20, 2024, in Sangamon County, in the Central District of Illinois,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, knowingly distributed fifty grams or more of methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## COUNT TWO
### (Possession of Methamphetamine with Intent to Distribute)

**THE GRAND JURY CHARGES:**

On or about June 26, 2024, in Sangamon County, in the Central District of Illinois,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, knowingly possessed fifty grams or more of methamphetamine (actual), a Schedule II controlled substance, with the intent to distribute it.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## COUNT THREE
### (Possession of Cocaine with Intent to Distribute)

**THE GRAND JURY CHARGES:**

On or about June 26, 2024, in Sangamon County, in the Central District of Illinois,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, knowingly possessed five hundred grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, with the intent to distribute it.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii).

## COUNT FOUR
### (Conspiracy to Distribute Controlled Substances)

**THE GRAND JURY CHARGES:**

1. From on or about April 6, 2023, and continuing through at least June 27, 2024, in Vermilion and Sangamon Counties, in the Central District of Illinois, and elsewhere,

## MARCUS McKINNEY
### (Also Known As "Slim")

defendant herein, did knowingly and intentionally conspire with others, both known and unknown to the grand jury, to possess with intent to distribute and to distribute Schedule I and Schedule II controlled substances, including methamphetamine, cocaine, heroin, and fentanyl, and the conspiracy resulted in death and serious bodily injury from the use of such substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

2. Objects of the Conspiracy

The objects of this criminal conspiracy included to obtain quantities of controlled substances, to distribute the controlled substances in exchange for money and sex acts, and to do so without detection by law enforcement authorities.

3. Means and Methods of the Conspiracy

Among the means and methods by which the conspirators conducted and participated in the criminal conspiracy are the following:

    a. While permitted by the federal Bureau of Prisons to serve his undischarged sentence of imprisonment on "home confinement' in Vermilion County,

Illinois, McKINNEY rented residences in Danville, Illinois, from a co-conspirator for the purpose of distributing controlled substances and engaging in sex acts with women to whom McKINNEY and co-conspirators distributed controlled substances;

      b.    McKINNEY had co-conspirators bring women to these residences in Danville, where McKINNEY and co-conspirators distributed controlled substances to them in exchange for sex acts with McKINNEY and other individuals, as directed by McKINNEY;

      c.    McKINNEY and co-conspirators at times required the women to stay at the residences for extended periods of time and continue to engage in sex acts in exchange for McKINNEY and co-conspirators continuing to provide them with controlled substances;

      d.    McKINNEY and co-conspirators at times distributed "Hot Shots," which McKINNEY represented were only cocaine, methamphetamine, or other controlled substances, but which actually also contained heroin or fentanyl, resulting in individuals suffering serious bodily injury or death from overdoses;

      e.    McKINNEY also used other individuals to transport and distribute controlled substances, to hold controlled substances, to act as look outs, and to provide false information to law enforcement authorities, all to avoid detection; and

      f.    After McKINNEY was required to relocate to Springfield, Illinois, by the Bureau of Prisons around September of 2023, McKINNEY continued participating in the conspiracy from Sangamon County, Illinois by distributing

controlled substances in Springfield, Illinois, and having co-conspirators distribute controlled substances in Danville, Illinois.

4. Acts in Furtherance of the Conspiracy

In furtherance of the criminal conspiracy and to effect the object thereof, in the Central District of Illinois and elsewhere and on or about the dates set forth below, the defendants and others, both known and unknown to the grand jury, committed and caused to be committed acts in furtherance of the conspiracy, including, but not limited to, the following:

a. On or about April 15, 2023, McKINNEY distributed controlled substances in a "Hot Shot" used by Victim #1 in Danville in the Central District of Illinois, resulting in serious bodily injury;

b. On or about August 19, 2023, McKINNEY and co-conspirators distributed controlled substances used by Victim #2 in the Central District of Illinois, resulting in her serious bodily injury and death; and

c. On or about August 20, 2023, McKINNEY and co-conspirators lied to the Danville Police Department during the investigation of Victim #2's death to avoid detection of the conspiracy.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE
### (Maintaining Drug-Involved Premises)

**THE GRAND JURY CHARGES:**

Between on or about April 6, 2023, and on or about June 16, 2023, in Vermilion County, in the Central District of Illinois,

### MARCUS McKINNEY
### (Also Known As "Slim")

defendant herein, unlawfully and knowingly rented, used, and maintained a place located at 210 State Street, Danville, Illinois, for the purpose of distributing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT SIX
### (Maintaining Drug-Involved Premises)

**THE GRAND JURY CHARGES:**

Between on or about July 21, 2023, and on or about September 13, 2023, in Vermilion County, in the Central District of Illinois,

### MARCUS McKINNEY
### (Also Known As "Slim")

defendant herein, unlawfully and knowingly rented, used, and maintained a place located at 111 Kentucky Avenue, Danville, Illinois, for the purpose of distributing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT SEVEN
### (Conspiracy to Engage in Misleading Conduct)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 4 of Count Four of this Indictment as though fully set forth herein.

2. From at least on or about August 19, 2023, and continuing through at least August 20, 2023, in Vermilion County, in the Central District of Illinois, and elsewhere,

**MARCUS McKINNEY (Also Known As "Slim")**
**and**
**JAMES YOUNG (Also Known As "Brownski"),**

defendants herein, knowingly and intentionally conspired with each other and others, both known and unknown to the grand jury, to engage in misleading conduct toward another person with the intent to hinder and prevent the communication to a federal law enforcement officer of information relating to the commission and possible commission of a federal offense, namely, the conspiracy to distribute controlled substances that resulted in the overdose death of Victim #2 as set forth in Count Four of this Indictment.

In violation of Title 18, United States Code, Sections 1512(k), 1512(b)(3), and 2.

## COUNT EIGHT
### (Witness Tampering)

**THE GRAND JURY CHARGES:**

On or about January 28, 2025, in Vermilion County, in the Central District of Illinois, and elsewhere,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, knowingly attempted to corruptly persuade N.H. by sending her a letter asking her to falsely claim that "girls" approached her and admitted they were lying about the defendant and were trying to get N.H. also to lie about the defendant, with the intent to influence the testimony of N.H. in an official proceeding, namely, *United States v. Marcus McKinney*, Central District of Illinois Case No. 24-CR-20031.

In violation of Title 18, United States Code, Sections 1512(b)(1).

### SPECIAL FINDINGS

1.  In connection with the offenses set forth in Counts One, Two, Three, and Four of this Indictment, the following factors are relevant to determining the sentence of the defendant, **MARCUS McKINNEY,** pursuant to Title 21, United States Code, Section 851.

    a.  On or about December 19, 2000, the defendant was convicted in the United States District Court for the Central District of Illinois of the offense of Distribution of Cocaine Base, Case No. 00-CR-20057, a Serious Drug Felony offense described in 18 U.S.C. § 924(e)(2) that became final prior to the defendant's violations alleged in Counts One, Two, Three, and Four of this Indictment, and as a result, the defendant (a) served a term of imprisonment of more than 12 months; and (b) was released from imprisonment within 15 years of the commencement of the offenses alleged in Counts One, Two, Three, and Four of this Indictment.

    b.  On or about April 22, 2019, the defendant was convicted in the United States District Court for the Central District of Illinois of the offense of Distribution of Methamphetamine, Case No. 18-CR-20046, a Serious Drug Felony

offense described in 18 U.S.C. § 924(e)(2) that became final prior to the defendant's violations alleged in Counts One, Two, Three, and Four of this Indictment, and as a result, the defendant (a) served a term of imprisonment of more than 12 months; and (b) was not released from imprisonment more than 15 years before the commencement of the offenses alleged in Counts One, Two, Three, and Four of this Indictment.

A TRUE BILL.



REDACTED

FOREPERSON

REDACTED

GREGORY M. GILMORE
Acting United States Attorney

ELM